17-1953-cv
Latin Am. Music Co. v. Spanish Broad. Sys.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:    JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            PETER W. HALL,

                    *Circuit Judges.*
------------------------------------------------------------------------
LATIN AMERICAN MUSIC CO., INC., A/K/A LAMCO AND
ASOCIACION DE COMPOSITORES Y EDITORIES DE LA
MUSICA LATINOAMERICANA, A/K/A ADEMLA

            *Plaintiffs-Appellants,*

            v.                                         No. 17-1953-cv

SPANISH BROADCASTING SYSTEM, INC.,

            *Defendant-Appellee,*

RAUL ALARCON, JR.,
            *Defendant.*

------------------------------------------------------------------------
FOR APPELLANTS:                    ROBERT PENCHINA, Ballard Spahr, LLP, New York,
                                   New York.

FOR APPELLEE:                                   JAMES G. SAMMATARO, Stroock & Stroock & Lavan LLP, New York, New York, James C. Fitzpatrick (*on the brief*), Hughes Hubbard & Reed LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants are Latin American Music Company ("LAMCO"), a music publisher that manages the copyrights for a number of Puerto Rican and foreign artists, and Asociación de Compositores y Editores de Musica Latinoamericana de Puerto Rico, Inc. ("ACEMLA"), a subsidiary of LAMCO and music performance licensing group (collectively, "Appellants"). Defendant-Appellee Spanish Broadcasting Systems, Inc. ("SBS") operates radio stations throughout the United States, including the two at issue in this lawsuit: "La Zeta" in Puerto Rico and "Mega 97.9" in New York City. Appellants brought the instant suit claiming that SBS infringed Appellants' copyrights of thirteen songs by playing those songs ("Songs") on La Zeta and Mega 97.9 without a license to do so.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

"[W]e review the trial court's summary judgment decision *de novo,* construing all evidence in the light most favorable to the nonmoving party." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks omitted). Under the Copyright Act a claim must be brought within three years from the time it accrued. 17 U.S.C. § 507(b). A claim of ownership accrues "only once, when a reasonably diligent plaintiff would have been put on

2

inquiry as to the existence of a right . . . any number of events can trigger the accrual of an ownership claim, *including an express assertion of sole authorship or ownership*." *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) (emphasis added). Where ownership is at issue, and "the ownership claim is time-barred . . . any attendant infringement claims must fail." *Id.* at 230. The parties agreed that seven of the thirteen Songs at issue in this appeal had been copyrighted by either Fania Publishing Co., Inc. or Fania Records, Co. (collectively, "Fania") in the 1970s, following agreements with the authors and/or co-authors of those Songs ("the Fania works"). Appellants assert they purchased the copyrights to the Fania works in the 1990s not from Fania, but from the authors thereof or their heirs.[1] Their claims for copyright infringement of those works are time-barred. A reasonably diligent plaintiff in Appellants' situation would have reviewed the Copyright Office's registration of the Songs when purchasing copyrights to the Songs in the late 1990s and early 2000s. This suit was not filed until 2013.

Appellants suggest for the first time on appeal that they could be the valid transferees of the copyright renewal terms of the Fania works. This argument was not made to the district court and was thus not preserved for appeal. *In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129, 133 (2d Cir. 2008).

We turn to the remaining works subject to the bench trial—the six Songs not among the Fania works. "When reviewing a judgment following a bench trial in the district

---

[1] As noted by the district court, the 1970s registration certificates of five of the Fania works listed two co-authors of those Songs. Appellants claim to have purchased copyright ownership of those Songs from the heirs of only one of the co-authors. Appellants claim to have purchased copyright ownership of the sixth Fania work from the heir of an author not listed on the 1970s registration certificate. Appellants claim to have purchased copyright ownership of the seventh Fania work from an individual not listed as the author on the 1970s registration certificate.

3

court, we review the court's findings of fact for clear error and its conclusions of law *de novo.*" *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014) (internal quotation marks omitted). The district court found that Appellants had not proved that SBS in fact played the Songs on the radio. *See* Sp. App'x at 25 ("With regard to evidence of infringement, the only evidence Plaintiffs presented that the Defendant actually played the Songs in question was the testimony of [the President of LAMCO]. But . . . the Court rejects [the President's] testimony as incredible, self-contradictory, implausible, and evasive."). Appellants failed to challenge this factual finding in their opening brief and have thus failed to preserve any such challenge. *In re Nortel*, 539 F.3d at 133. Such a finding is fatal to Appellants' claims as to those six Songs. *Kwan*, 634 F.3d at 229.

We have considered all of Appellants' arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4